# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-08V
Filed: July 29, 2019

* * * * * * * * * * * * * *
| | |
|---|---|
| WILLIAM DAVIS *and* NICOLE DAVIS *on behalf of Z.D.*, | * UNPUBLISHED<br>*<br>* |
| Petitioners,<br>v. | * Decision on Interim Attorneys' Fees and<br>* Costs<br>* |
| SECRETARY OF HEALTH<br>AND HUMAN SERVICES, | *<br>*<br>* |
| Respondent. | * |

* * * * * * * * * * * * * *

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Sarah Duncan, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 5, 2015, William and Nicole Davis ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their minor child, Z.D. Petitioners allege that Z.D. received diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenzae b ("Hib"), inactivated poliovirus ("IPV"), and influenza ("flu") vaccinations on January 12, 2012, and thereafter developed a seizure disorder. Petition ("Pet."), ECF No. 1. Petitioners now request an award of interim attorneys' fees and costs.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

The petition was filed on January 5, 2015. ECF No. 1. This matter was initially assigned to now-Chief Special Master Dorsey but transferred to me on October 19, 2015. *See* ECF Nos. 4, 28. Petitioner filed supporting documentation, including medical records and affidavits, through May of 2015. *See* Pet. Ex. 1-15, ECF No. 6; Pet. Ex. 16, ECF No. 9; Pet. Ex. 17-19, ECF No. 15; Pet. Ex. 20-21, ECF No. 16.

On September 3, 2015, respondent filed a Rule 4(c) Report, recommending against compensation. ECF No. 21.

Petitioner filed multiple expert reports from Dr. Kinsbourne. *See* Pet. Ex. 28, ECF No. 37; Pet. Ex. 58, ECF No. 46; Pet. Ex. 65, ECF No. 65; Pet. Ex. 68, ECF No. 69. Respondent filed multiple expert reports from Dr. Zempel. *See* Resp. Ex. A, ECF No. 42; Resp. Ex. C, ECF No. 50; Resp. Ex. D, ECF No. 66; Resp. Ex. E, ECF No. 73.

The parties agreed to proceed to entitlement hearing. The Prehearing Order was issued on September 14, 2018, scheduling an entitlement hearing for July 30 and 31, 2020. ECF No. 75.

On June 28, 2019, petitioners filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 76. Petitioners request attorneys' fees in the amount of $50,284.11, and costs in the amount of $3,789.97, for a total amount of $54,074.07. Motion for Interim Fees, Ex. A, at 33-34.

On July 11, 2019, respondent filed a response to petitioners' Motion for Interim Fees. Response, ECF No. 77. Respondent deferred "to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award" but was otherwise "satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case." *Id*. at 2. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

On July 17, 2019, petitioners filed a reply. Reply, ECF No. 78. Petitioners requested an additional $16,900.00 in costs, for a total of $20,689.97 in attorneys' costs and a total award of $70,974.07.

This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

**A.     Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

This matter has been pending for over four years. An entitlement hearing is scheduled for July of 2020, after which a decision must be written. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

**B.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

3

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Mr. Sadaka practices in Englewood, NJ, and has previously been awarded forum rates. *See, e.g, Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018) (collecting cases). Petitioners have requested that Mr. Sadaka be compensated at the following hourly rates: $337.05 for work performed in 2012 and 2013, $350.00 for work performed in 2014 and 2015, $362.95 for work performed in 2016, $376.38 for work performed in 2017, $396.00 for work performed in 2018, and $406.00 for work performed in 2019. Motion for Interim Fees at 2. The rates requested for 2012 through 2018 are consistent with rates previously awarded to Mr. Sadaka.[4] *See, e.g., Taylor*, 2018 WL 6291355, at *3; *Harding v. Sec'y of Health & Human Servs.*, No. 17-1580V, 2019 WL 3215974, at *8 (Fed. Cl. Spec. Mstr. June 18, 2019).

The rates requested for Mr. Sadaka's various paralegals are consistent with previously-awarded rates. *See, e.g., Harding*, 2019 WL 3215974, at *8; *Perez v. Sec'y of Health & Human Servs.*, No. 15-331V, 2019 WL 2487886, at *1 (Fed. Cl. Spec. Mstr. May 16, 2019). Accordingly, no adjustment is necessary.

## B.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys -Forum-Rate-Fee-Schedule2015-2016.pdf (last visited July 29, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*,
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited July 29, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited July 29, 2019);  Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*,
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf (last visited July 29, 2019).

[4] There was no billing submitted for Mr. Sadaka for 2019, so his billing rate for 2019 will be neither discussed nor accepted in this decision.


434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the number of hours expended in this case appear to be reasonable. Accordingly, $50,284.11 is awarded in attorneys' fees.

**C.      Reasonable Costs**

Petitioner requested a total of $20,689.97 in attorneys' costs. Motion for Interim Fees, Ex. A at 32-34; *see generally*, Ex. B-C. The requested costs consist of $16,900.00 in expert fees to Dr. Kinsbourne, $1,235.93 in costs associated with obtaining medical records, the $400.00 filing fee, and $97.81 in mailing and shipping costs. *Id*. Petitioner did not provide sufficient documentation for $41.12 in costs associated with obtaining medical records and $2.78 in shipping and mailing costs. Otherwise, petitioner's requested costs appear to be reasonable. Accordingly, petitioner's costs are reduced by $43.90. Thus, petitioner is awarded $20,646.07 in interim attorneys' costs.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $70,930.18**,[5] representing reimbursement for attorneys' fees in the amount of $50,284.11 and costs in the amount of $20,646.07, in the form of a check made payable jointly to petitioners and petitioners' counsel, Mark Sadaka, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice

**IT IS SO ORDERED.**

<div align="right">

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

</div>

---

renouncing the right to seek review.