# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-08V
Filed: January 3, 2025

| | |
|---|---|
| * * * * * * * * * * * * * | * |
| WILLIAM DAVIS *and* NICOLE DAVIS | * |
| *on behalf of Z.D.*, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | * |

*Mark Sadaka, Esq.*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioners.
*Emilie Williams, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On January 5, 2015, William and Nicole Davis ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their minor child, Z.D. Petitioners allege that Z.D. received diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenzae b ("Hib"), inactivated poliovirus ("IPV"), and influenza ("flu") vaccinations on January 12, 2012, and thereafter developed a seizure disorder. Petition ("Pet."), ECF No. 1.

Petitioners filed a motion for interim attorney's fees and costs on June 28, 2019. ECF No.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

76. A decision awarding interim fees and costs issued approximately one month later. ECF No. 79.

An entitlement hearing was conducted on July 30 and 31, 2020 via videoconferencing. Thereafter, petitioners filed medical records and the parties filed post-hearing briefs. ECF Nos. 118, 124-25. On March 28, 2024, a decision finding against entitlement and dismissing the petition was issued. ECF No. 128.

On July 30, 2024, petitioners filed the instant Motion for Attorney's Fees and Costs. Motion for Fees, ECF No. 132. Respondent filed his response to the motion the following day. Response, ECF No. 133. On August 2, 2024, petitioners filed their reply. Reply, ECF No. 134.

Following an email from Chambers that the Motion for Fees appeared incomplete, petitioners filed a Motion to Amend/Correct their Motion for Fees on December 19, 2024. Motion to Amend, ECF No. 135. Respondent did not file a response. As such, petitioners' Motion to Amend is granted.

In total, petitioners requested $83,498.60 in fees and $22,627.77 in costs for a total of $106,126.37.[3] *See* Motion for Fees; Motion to Amend.

For the reasons discussed below, petitioners' Motion for Fees as amended is **GRANTED in part**.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with

---

[3] The total listed in petitioners' Motion to Amend appears incorrect as it lists $105,926.37 as the total. Motion to Amend at 1-2. The total reached when adjusting for the invoice correction is $106,126.37.

2

notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Mr. Sadaka practices in Englewood, NJ, and has previously been awarded forum rates. *See, e.g, Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018) (collecting cases). Petitioners have requested the following hourly rates:

| Name | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| Mark Sadaka | $405 | $422 | $444 | $458 | $482 | $563 |
| Michele Curry | $156 | $163 | $172 | $177 | $186 | $197 |

Motion for Fees at 4. The requested rates from 2019-2023 are consistent with rates previously awarded to Mr. Sadaka and his paralegals. *See, e.g., Taylor*, 2018 WL 6291355, at *3; *Harding v. Sec'y of Health & Human Servs.*, No. 17-1580V, 2019 WL 3215974, at *8 (Fed. Cl. Spec. Mstr. June 18, 2019); *Perez v. Sec'y of Health & Human Servs.*, No. 15-331V, 2019 WL 2487886, at *1 (Fed. Cl. Spec. Mstr. May 16, 2019). However, Mr. Sadaka's 2024 hourly rate has been set and awarded in 2024 at $515—not the requested $563. *See Efron v. Sec'y of Health &*

---

[4] The 2015-2024 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*Human Servs.*, No. 20-1405V, 2024 WL 4604594 (Fed. Cl. Spec. Mstr. Sept. 25, 2024). I will therefore apply the previously determined rate for 2024[5] to Mr. Sadaka's billing here, resulting in a reduction of $321.60.[6] While Ms. Curry's 2024 rate has not been determined, the overall work performed by her at the requested rate has been accepted and awarded in full. *Id*. at *3. Likewise, I find the overall work performed by Ms. Curry in 2024 to be reasonable and not excessive and award it in full.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the overall hours spent on this matter appear reasonable. Thus, no reduction is necessary. Accounting for the reduction to Mr. Sadaka's 2024 rate, the total fee award is **$83,177.00**.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request

---

[5] The rules governing attorneys' fees and costs were amended in July 2023 and are accessible on the Court's website. The second supplement to Appendix B of the Vaccine Rules specifically states that "[o]nce a reasonable rate for a year has been established, it will not be increased during the same year." *See* https://www.uscfc.uscourts.gov/vaccine-claims-office-special-masters.

[6] This total is reached by subtracting $3,450.50 (6.7 hours x $515) from $3,772.10 (6.7 hours x $563).

a total of $22,627.77 in costs associated with obtaining medical records, postage, and fees for their expert Dr. Kinsbourne. Motion for Fees at 38; Motion to Amend at 1-2.

An invoice on behalf of Dr. Kinsbourne was submitted, showing that he billed at a rate of $500.00 per hour for 44.4 hours of work from January 2020 through June 2020, which included time spent drafting his fourth supplemental expert report and time spent preparing for and testifying at the two-day entitlement hearing. Motion to Amend at 5-7. Dr. Kinsbourne was consistently awarded his requested hourly rate of $500.00. *See, e.g., Hargrove v. Sec'y of Health & Human Servs.*, No. 17-233V, 2024 WL 4866715, at *3 (Fed. Cl. Spec. Mstr. Oct. 31, 2024). As such, I find that rate to be reasonable. I also find the hours expended on this matter to be reasonable, particularly because the majority of the time spent was preparing for and testifying at the entitlement hearing which took two full days to complete. Further, this was a complex case involving factual disputes over details in the medical records. Though petitioners did not prevail in proving entitlement, resolution of the factual disputes was made possible by both parties' medical experts including Dr. Kinsbourne.

The remaining costs requested are not duplicative of costs already awarded and are reasonable and supported by adequate documentation. As such, petitioners are awarded their requested costs of **$22,627.77** in full.

### III.    Conclusion

In accordance with the foregoing, petitioners' motion for attorney's fees and costs is **GRANTED in part**. The undersigned hereby awards **$105,804.77,** representing **$83,177.00** in attorney's fees and **$22,627.77** in costs, **to be paid through an ACH deposit to petitioners' counsel's (Mr. Mark Sadaka) IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (*see* Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u><br>
Mindy Michaels Roth<br>
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.